## OHIO & MISSISSIPPI RAILWAY COMPANY
v.
## FRANK L. HAMLIN.

*Railroads—Injury to Stock During Carriage—Negligence of Connecting Carrier—Bill of Lading—Agency.*

1.  The owner of stock shipped, can not be bound by the conditions of a bill of lading signed by the carrier and a person named, in the name of another, neither of whom were authorized to sign the same for him.
2.  A carrier to whom freight is delivered is ordinarily liable to the consignor for injuries arising from the negligence of a connecting carrier.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. POLLARD & WERNER and J. H. MATHENY, JR., for appellant.

Messrs. McGUIRE & SALZENSTEIN, for appellee.

WALL, P. J. Appellant brings before us for review the record in an action on the case wherein appellee recovered a judgment against it for $600 and costs. The cause of action alleged was the failure to safely carry and deliver certain mules, shipped by appellee over appellant's railroad from East St. Louis, Ill., to Connellsville, Pa.

There is no question as to the amount of damages sustained by the appellee, nor that the same were caused by the negligence and delay of a connecting carrier, and not by neglect of the appellant.

For the fault of the connecting carrier, the appellant must be held responsible unless the appellee is bound by the terms of a bill of lading which was offered in evidence. We are very clear, however, that appellee is not so bound. The bill

of lading was not made by his authority or consent or that of any one having power to act for him. He had bought the mules from Maxwell & Crouch, stock dealers in St. Louis, intending to ship them by the Vandalia line to Connellsville, Pa. While at the stables of the stock dealers he was approached by one Ashbrook, a soliciting freight agent of the appellant company, who asked for the freight over his road.

After considerable conversation which need not be stated here, appellee finally agreed with Ashbrook to let him have the freight. One controlling reason for consenting to this was the promise by Ashbrook to follow the mules by wire and thereby insure their good treatment as to feed and water. Appellee stated that he had been in the habit of shipping such freight by the Vandalia, and was not disposed to make the change but was urged to do so by Ashbrook.

An employe of the stock dealers then took the mules across the river and delivered them to the company.

Later in the afternoon, Ashbrook met appellee and telling him the mules had gone, handed him the bill of lading in question, which appellee, who was then going to take his train for home, did not read at the time. Upon subsequent examination it proved to be signed by the company and by the stock dealers, Maxwell & Crouch. This signature of Maxwell & Crouch was written by Ashbrook.

It needs no argument to show that this was without authority from the appellee. The testimony of Maxwell is in the record, however, and it affirmatively shows that his firm had nothing to do with the contract of shipment, which was made by appellee with Ashbrook. Appellee may well repudiate this bill of lading and rely on the common law liability of the carrier.

We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*